[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on May 13, 1972 at Cadyville, New York. They have both resided in this state for one year prior to the commencement of this dissolution action. The two children issue of the marriage are in their twenties.
Both parties agreed that the marriage had broken down irretrievably and a decree of dissolution may be entered on that ground.
The parties stipulated and agreed in writing as to the disposition of their real estate, personal property, debts and liabilities as more fully set forth in the written stipulation dated January 12, 1998, which the court approves.
The only issue in dispute and presented to the court was the issue of alimony. Brief testimony was presented to the court by the parties.
The parties have been married for approximately 23 years. Both parties have worked throughout the marriage. The plaintiff works two jobs and earns approximately $382 net per week. The defendant's net take home, excluding his 401 (k) deduction is approximately $805.12 net per week, approximately double the plaintiff's income. The defendant testified that his Sunday work is being terminated which will reduce his net income to approximately $594 per week.
The plaintiff is living in the marital home which is on the market for sale. The parties' second home in the Berkshires in Massachusetts, will be disposed of as soon as the marital home is sold.
The court has considered the statutory criteria set forth in § 46b-81 and § 46b-82 C.G.S. in reaching the decisions reflected in the orders that follow:
1) Until such time as the marital home located at 44 Ridge CT Page 1265 Hollow Road, West Haven, is sold, the defendant shall pay to the plaintiff as alimony the sum of $225 per week.
 2) Any reasonable and/or necessary repairs required in the marital home, excluding cosmetic changes, shall be equally divided between the parties. The defendant shall be contacted before any repairs are contracted for, except in the event of an emergency.
 3) The plaintiff shall be responsible for the monthly mortgage payment on the marital home until the premises are sold.
 4) The defendant shall be responsible for the mortgage, taxes, insurance and utilities in the Massachusetts property until title is passed. Both parties shall be entitled to use said property until title is passed.
 5) The court shall retain jurisdiction over any disputes arising out of the sale of the martial property.
 6) Commencing one week after the sale of the marital home, the defendant shall pay to the plaintiff as alimony the sum of $125 per week until one of the following shall first occur:
 A) the death or remarriage of the plaintiff, or her cohabitation as defined by statute; or
B) the death of the defendant; or
C) the plaintiff reaches the age of 62 years; or
D) the defendant retires.
 7) Counsel for the plaintiff shall prepare the judgment file within two weeks of date.
Coppeto, J.